Herman BILLINGSLEA, Appellant,

v.

**D. C. TRANSIT SYSTEM, INC., Appellee.**

No. 3862.

District of Columbia Court of Appeals.

Argued May 9, 1966.

Decided Sept. 20, 1966.

Carl P. Fogel, Washington, D. C., for appellant.

Anthony E. Grimaldi, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant brought this action for damages resulting from a collision between his automobile and appellee's bus. In its answer appellee admitted "an accident" between its bus and appellant's automobile, but denied any negligence on its part.[1] Appellant was his only witness, and at the conclusion of his testimony, the trial court directed a verdict against him on the ground

he had failed to make out a prima facie case of neligence. This appeal questions the correctness of that ruling.

Appellant's testimony was that he was driving south on First Street, a one-way street, and that he entered the intersection of First and H Streets on a green light at a normal rate of speed; but before he cleared the intersection, something struck his automobile, driving it against a curbside fire hydrant, and he was rendered unconscious by the impact. Appellant stated he did not see the bus but had "a feeling" of its presence just before the collision. When asked on cross-examination why he did not see the bus before the collision, appellant had replied: "It was not there at that time."

One matter should be made clear at the outset. Appellee's brief suggests that the directed verdict can be sustained on the ground that appellant's testimony did not even establish that appellee's bus was in a collision with appellant's automobile. This argument ignores appellee's admission in its answer. It is a fundamental rule that a plaintiff is not required to prove facts alleged in the complaint and admitted by defendant in the answer.[2]

Appellant's case thus tended to establish the following facts: (1) He was proceeding on a one-way street; (2) he entered the intersection at a normal rate of speed and on a green light; (3) he saw no bus in the intersection; and (4) a collision occurred in the intersection between his automobile and appellee's bus. Assuming the truth of the foregoing, as we must on motion for a directed verdict, it is evident that a jury reasonably could have inferred that the bus struck the automobile from the side by going through a red light, or struck it from the rear. Under either of these

---

1. Any doubt as to the intended meaning of the word "accident" was removed by appellee's pretrial statement which admitted "a collision" between the bus and the automobile.

2. 71 C.J.S. Pleading § 523; 41 Am.Jur. Pleading § 201.

factual settings the jury could have found negligence on the part of the bus operator. It was error to direct a verdict against appellant.

Reversed with directions to grant a new trial.